UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-582-FDW

| RICHARD ALAN GADDIS, JR., | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| M G WRENN, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on its October 31, 2019 Notice of Deficiency, (Doc. No. 2).

Plaintiff's *pro se* Complaint was docketed on October 30, 2019, at which time he was incarcerated at the Union County Jail. (Doc. No. 1). On October 31, 2019, the Court entered a Notice of Deficiency informing Plaintiff of his obligation to either pay the $400 filing fee or file an application to proceed without prepayment of fees within 21 days. (Doc. No. 2). The Notice of Deficiency provides that "[f]ailure to do so may result in the dismissal of this action without prejudice for failure to prosecute." (Doc. No. 2 at 1). The Notice of Deficiency was returned as undeliverable on December 3, 2019. (Doc. No. 4). Plaintiff has not complied with the Notice of Deficiency and the time to do so has expired. (Doc. No. 4). Review of the Union County Jail's website reveals that Plaintiff is no longer in custody at that facility.[1] Plaintiff has not updated the Court with his current address.

Plaintiffs have a general duty to prosecute their cases. In this regard, a *pro se* plaintiff must

---
[1] See http://sheriff.co.union.nc.us/jailinmates.aspx; Fed. R. Ev. 201.

1

keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a *pro se* plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Litigants are also obligated to comply with Court orders. See generally Fed. R. Civ. P. 41(b) (district court may dismiss an action "[f]or failure of the plaintiff to prosecute."). Before dismissing a case for failure to prosecute, a district court should weigh: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (quoting Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)).

Plaintiff has failed to keep the Court apprised of his current address and has not responded to the Court's October 31, 2019 Notice of Deficiency. It appears that Plaintiff has abandoned this action. This action will be dismissed without prejudice for lack of prosecution.

**IT IS, THEREFORE, ORDERED that:**

(1) This action is dismissed without prejudice for lack of prosecution.

(2) The Clerk of this Court is directed to terminate this action.

Signed: December 7, 2019

Frank D. Whitney
Chief United States District Judge